# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION

CITY OF JACKSONVILLE,

                Plaintiff,

      v.

MIRAMAR RESIDENCES TIC I, LLC;
MIRAMAR RESIDENCES TIC II, LLC;
MIRAMAR RESIDENCES TIC III,
LLC; KPM PROPERTY
MANAGEMENT, LLC; MARIA
ACERO, property manager; and
YOJEIDY CAMPUSANO, leasing
agent,

                Defendants.

_____/

## COMPLAINT

Plaintiff, the City of Jacksonville, sues Defendants and alleges:

## INTRODUCTION

1. This is a civil action for declaratory relief and monetary damages under the Fair Housing Act, as amended 42 U.S.C. §§ 3601 *et seq.*, and Title XI, Chapter 408 – Fair Housing of the Jacksonville Municipal Code, Section 408.401, *et seq.* ("Chapter 408") brought by the City of Jacksonville on behalf

of Leslie Banks ("Complainant"), and pursuant to 42 U.S.C. § 3610 and § 3612 to redress discrimination on the basis of disability.

2. Defendants wrongfully denied Ms. Banks a reasonable accommodation based on her disability when they refused or delayed her request for a ramp to her unit to accommodate her need for a way to enter and exit her apartment via her mobility devices as a result of her disability and refused to move her to a unit that could accommodate her mobility devices.

3. As alleged more fully below, Defendants Miramar Residences TIC I, LLC, Miramar Residences TIC II, LLC, Miramar Residences TIC III, LLC (collectively "Miramar"), KPM Property Management, LLC ("KPM"), Maria Acero, Property Manager, and Yojeidy Campusano, Leasing Agent (all Defendants herein are referred to collectively as "Defendants"), unlawfully discriminated against Ms. Banks based on her disability.

4. Defendants' conduct violated the Fair Housing Act, 42, U.S.C. §§ 3601 *et seq.* (the "Act") and Chapter 408 and should be declared unlawful, and appropriate monetary damages and other relief should be awarded.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 3612(o).

6. This Court has supplemental jurisdiction over Chapter 408 pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391, 42 U.S.C. § 3612(o), 42 U.S.C. § 3610(f), and because the apartment complex owned by Miramar and managed by KPM ("the Property") is situated in this district and the events giving rise to the Complaint occurred in this district.

## PARTIES

8. Plaintiff is the CITY of JACKSONVILLE, and is a body politic, acting on behalf of the Secretary of HUD pursuant to 28 U.S.C. § 3610(f) and the Jacksonville Human Rights Commission pursuant to Sec. 408.514, Jacksonville Municipal Code.

9. Defendant MIRAMAR RESIDENCES TIC I, LLC, MIRAMAR RESIDENCES TIC II, LLC, and MIRAMAR RESIDENCES TIC III, LLC, are foreign (Texas) limited liability companies, jointly own the Property, and are

responsible for ensuring Defendants' compliance with federal, state, and local laws at Miramar, including its common and limited common areas.

10.     KPM PROPERTY MANAGEMENT LLC., is a Florida limited liability company which manages the subject property, Miramar.

11.     At all times material to this Complaint, Defendant, MARIA ACERO, PROPERTY MANAGER ("Ms. Acero"), was employed by Defendant KPM, and was responsible for managing the Property.

12.     At all times material to this Complaint, Defendant, YOJEIDY CAMPUSANO, LEASING AGENT ("Ms. Campusano"), was employed by Defendant KPM, and was responsible for the leasing arrangements, pre-leasing agreements and conversations, and ultimately the lease contract.

13.     Complainant Leslie Banks ("Ms. Banks") was the lessee of an apartment at Miramar at all times material to this Complaint and was first subject to a lease dated December 16, 2022, for 5753 Holly Bell Drive Apartment 1 ("5753-1"), by and between Miramar and Ms. Banks.

14.     Ms. Banks's apartment during the time period relevant to this complaint constituted a "dwelling" within the meaning of the Act, 42 U.S.C. § 3602(b).

15. Ms. Banks is an "aggrieved person" as that term is defined in the Act, 42 U.S.C. § 3602(i), and has suffered damages as a result of Defendants' conduct.

16. The Property is located at 5643 Holly Bell Drive, Jacksonville, Florida, 32277.

## FACTS

17. Complainant, Ms. Banks, entered into a lease at Miramar in December 2022.

18. Prior to signing the lease, Ms. Banks completed an online application to lease an apartment at Miramar.

19. Ms. Banks also visited the Property, and Ms. Campusano showed her unit 3126-1 which had a back door with no steps and a flat landing that would allow Ms. Banks to enter and exit the apartment with her mobility device, thereby accommodating her disability.

20. When Ms. Banks visited the Property, she used her mobility scooter and/or walker to access the Property.

21. In November 2022, Miramar confirmed the details of Ms. Banks's lease of unit 3126-1.

22. Based on Ms. Banks's use of a mobility device and her conversations during and after the time she viewed the property, as well as other observations made by Defendants, Defendants reasonably knew or should have known that Ms. Banks is a person with a disability. In addition, Ms. Banks provided Defendants with a copy of her Social Security benefit letter as proof of her source of income.

23. When Ms. Banks arrived at Miramar on December 16, 2022, to move in, she had a truck full of her personal belongings with her and was prepared to move into unit 3126-1. However, Ms. Campusano told Ms. Banks that unit 3126-1 was not available and Ms. Banks would be moving into unit 5753-1 instead.

24. Unit 5753-1 does not have a flat entry. Rather, it requires one to traverse three steps to enter and exit. Ms. Banks's mobility devices could not travel over the steps.

25. Unit 5753-1 as constructed did not accommodate Ms. Banks's disability.

26. On December 17, 2022, Ms. Banks went to the leasing office and verbally asked Ms. Campusano for a different first-floor apartment due to her disability.

6

27. Ms. Campuso told Ms. Banks there were no accessible apartments available.

28. Ms. Banks then requested an access ramp be installed on the steps outside unit 5753-1 so she could get in and out of her apartment.

29. On December 18, 2022, Ms. Banks submitted a reasonable modification request for a ramp to be installed that would allow Ms. Banks access in and out of unit 5753-1's front door.

30. Defendants failed to respond to this request.

31. On January 2, 2023, Ms. Banks again requested a ramp.

32. She also requested to be moved to a different first floor apartment that did not have stairs.

33. Defendants failed to respond to the second request and did not install the requested ramp or offer an alternate unit that could accommodate Ms. Banks's scooter.

34. On February 14, 2023, Ms. Banks submitted a third request for a ramp.  Ms. Acero told Ms. Banks to contact the City of Jacksonville and ask the City about a ramp.

35. Without a ramp, Ms. Banks's ability to enjoy her apartment and perform her daily activities was severely compromised and sometimes made impossible.

36. Ms. Banks's needed her scooter in her home to be able to move around.

37. When she had to leave her apartment, she relied on neighbors and family to carry her scooter down the stairs.

38. She often had to leave her scooter outside her apartment until someone was able to carry it up the stairs for her.

39. Ms. Banks's ability to take out her trash, do her laundry, check her mail, and shop for groceries was severely limited because of her inability to get in and out of her apartment without her scooter or without the help of others.

40. On April 3, 2023, Defendants informed Ms. Banks that her service request for a ramp had been marked "on hold."

41. On May 4, 2023, Ms. Banks filed a complaint with the Jacksonville Human Rights Commission for Miramar's denial of and/or delay in responding to her request for an access ramp.

42. Ms. Banks vacated her apartment on May 14, 2023.

43. Ms. Banks was entitled to receive a reasonable modification from Miramar from December 2022 until she moved out of Miramar on May 14, 2023.

44. Alternatively, Defendants should have allowed Ms. Banks to move to another unit that could accommodate her disability.

45. Ms. Banks has been damaged as a result of Defendants' denial of her reasonable modification request.

## COUNT ONE
## 42 U.S.C. § 3604(f)(3)(A) and § 3604(f)(3)(B)
### Violation of the Fair Housing Act - Failures to Modify and Accommodate/Otherwise Made Housing Unavailable Because of a Disability

46. Plaintiff realleges and incorporates in this count the allegations of Paragraphs 1 through 45, inclusive, as if fully set forth herein.

47. Ms. Banks is a person with a handicap as defined by 42 U.S.C. § 3604(f)(1).

48. Defendants knew, or reasonably should have known, that Ms. Banks is a person with a handicap.

9

49. Miramar is a multifamily dwelling covered by the Fair Housing Act Accessibility Guidelines.

50. Ms. Banks requested a reasonable modification on Miramar's property by requesting an access ramp to her unit.  42 U.S.C. § 3604(f)(3)(A). Defendants refused to provide the modification by denying and delaying Ms. Banks's request for a ramp.

51. Ms. Banks requested a reasonable accommodation in the rules, policies, procedures, or services of Miramar by requesting an alternate unit that could accommodate her scooter.  42 U.S.C. § 3604(f)(3)(B).  Defendants refused this accommodation by claiming such a unit was not available.

52. Defendants' refusal to provide the requested access ramp and their refusal to provide a scooter-accessible unit made housing unavailable to Ms. Banks.

53. As a result of Defendants' refusal to make the requested accommodation or modification, Ms. Banks was unable to use and enjoy her dwelling to the same extent as non-disabled individuals.

54. Defendants' failure to provide an access ramp or an alternate unit to Ms. Banks to accommodate her disability was discriminatory and unlawful.

55. Because Miramar is open to or has to be accessed not only by residents and tenants of Miramar, but also by potential tenants and residents of Miramar and other members of the public, and in order to effect compliance with federal, state, and local laws, the relief sought herein is in the public interest.

56. **WHEREFORE**, Plaintiff requests that the Court order the following relief:

   a. A declaration that the FHA has been violated and granting appropriate relief;

   b. An order requiring Defendants to take affirmative action to comply with the FHA and make accommodations to Miramar's rules, policies, practices, and procedures to be compliant with the FHA;

   c. Compensatory damages on behalf of Ms. Banks;

   d. Civil penalties and fines;

   e. Reasonable attorney's fees and costs incurred by Plaintiff in bringing this action; and

   f. Such other and further relief as this Court deems just and proper.

## COUNT TWO
### Jacksonville Ordinances 408.405(c)(1) and 408.405(c)(2)
### Violation of the Jacksonville Municipal Code on Fair Housing - Failures to Modify and Accommodate

57. Plaintiff realleges and incorporates in this count the allegations of Paragraphs 1 through 45, inclusive, as if fully set forth herein.

11

58. Ms. Banks is a person with a handicap as defined by Section 408.405(c).

59. Defendants knew, or reasonably should have known, that Ms. Banks is a person with a handicap.

60. Miramar is a multifamily dwelling covered by Chapter 408.

61. Ms. Banks requested a reasonable modification by requesting an access ramp to her apartment. Jacksonville Ordinance 408.405(c)(1). Defendants refused to provide a reasonable modification by denying and delaying Ms. Banks's reasonable request for an access ramp.

62. Ms. Banks requested a reasonable accommodation in the rules, policies, procedures, or services of Miramar by requesting an alternate unit that could accommodate her scooter. Jacksonville Ordinance 408.405(c)(2). Defendants refused to provide a reasonable accommodation by denying Ms. Banks's reasonable request for an alternate unit, claiming no such alternate unit was available.

63. Defendants' delay and refusal to provide the requested access ramp or alternate unit made housing unavailable to Ms. Banks.

64. As a result of Defendants' refusal to make the requested modification or accommodation, Ms. Banks was unable to use and enjoy her dwelling to the same extent as non-disabled individuals.

65. Defendants' failure to provide an access ramp or an alternate unit to Ms. Banks to accommodate her disability was discriminatory and unlawful.

66. Because Miramar is open to or has to be accessed not only by tenants and residents, but also by potential tenants and residents and other members of the public, and in order to effect compliance with federal, state, and local laws, the relief sought herein is in the public interest.

67. **WHEREFORE**, Plaintiff requests that the Court order the following relief:

   a. A declaration that Section 408 has been violated and granting appropriate relief;
   b. An order requiring Defendants to take affirmative action to comply with Section 408 and make accommodations to Miramar's rules, policies, practices, and procedures to be compliant with Section 408;
   c. Compensatory damages on behalf of Ms. Banks;
   d. Civil penalties and fines;
   e. Reasonable attorney's fees and costs incurred by Plaintiff in bringing this action; and

f.  Such other and further relief as this Court deems just and proper.

OFFICE OF GENERAL COUNSEL

*/s/ Laura Boeckman*
**Laura Boeckman – Lead Counsel**
Assistant General Counsel
Fla. Bar No. 527750
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Phone (904) 255-5054
Facsimile: (904) 255-5120
LBoeckman@coj.net; bosburn@coj.net