**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CITY OF JACKSONVILLE,

Plaintiff,

v. CASE NO: 3:24-cv-730-PDB

MIRAMAR RESIDENCES TIC I, LLC;,
et. al.

Defendants.
_______________________________________/

# MOTION TO ENFORCE SETTLEMENT AGREEMENT

The City of Jacksonville (the City) moves this Court to enforce the settlement agreement entered into between the parties on February 6, 2025. Defendants have failed to comply with all of the terms of the settlement agreement, and pursuant to this Court's February 14, 2025, Order (Doc. 32), this Court has retained jurisdiction to enforce the terms of the settlement agreement between the parties.

## I. Background

The City filed this case to enforce the rights of Complainant Leslie Banks for violations of the Fair Housing Act and the Jacksonville Ordinance Code. Before Defendants could respond to the Complaint, the Court offered to conduct a settlement conference for the parties to try to reach an early

resolution. The parties participated in a settlement conference on December 5, 2024, and agreed to a general resolution of the issues raised in the Complaint.

After the settlement conference, the parties continued to negotiate and draft the settlement document, and on February 6, 2025, the last signature was affixed to the settlement agreement. A copy of the signed settlement agreement is attached as Exhibit A. Pursuant to paragraph 1.a of the settlement agreement, Defendants had until March 8, 2025, to tender $9,000 to Ms. Banks. Defendants have failed to tender the payment to Ms. Banks and have not provided a reason for failing to do so or provided a timeframe for when they will make the payment.

In addition, Defendants have failed to comply with the following additional terms of the settlement agreement:

1.d. Remove any negative information provided to a credit reporting agency regarding Ms. Banks's unpaid rent for March, April, and May 2023;

1.e. Issue a letter of financial statement verifying Ms. Banks's outstanding balance has been cleared; and

3. Provide proof of participating in fair housing training.[1]

Pursuant to the terms of the settlement agreement, the City filed a Joint Dismissal with Prejudice on February 13, 2025. Doc. 31. The Court then entered an Order dismissing the action with prejudice and retained jurisdiction to enforce the settlement. Doc. 32. The City now asks the Court to enforce the terms of the settlement agreement.

## II. Argument

When the district court specifically retains jurisdiction to enforce the terms of a settlement agreement, the agreement functions as a consent decree that the district court has the jurisdiction to enforce. *Disability Advocates & Counseling Grp., Inc. v. E.M. Kendall Realty, Inc.*, 366 Fed. Appx. 123, 125 (11th Cir. 2010) citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) and *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003).

In this matter, the Court has jurisdiction to enforce the terms of the settlement agreement because it specifically retained the ability to do so at

[1] There are additional provisions of the settlement agreement Defendants have not satisfied, but the deadline to satisfy those terms has not yet run. For example, paragraph five of the settlement agreement allows Defendants ninety days from the date of JHRC's written approval of Defendants' policies to provide tenants with a copy of their Reasonable Accommodations/Modifications policies. The written approval was given on February 28, 2025, so Defendants have until May 29, 2025, to comply.

the parties' request. The issue now before the Court is whether Defendants have satisfied their obligations under the settlement agreement. The City is prepared to submit evidence substantiating Defendants' failure to comply with the requirements of the settlement agreement, and requests the Court enter a judgment in favor of the City and against Defendants.

**WHEREFORE**, the City requests the Court enter a judgment in favor of the City for $9,000 and enter an injunction requiring Defendants to:

1. Remove any negative information provided to a credit reporting agency regarding Ms. Banks's unpaid rent for March, April, and May 2023;
2. Issue a letter of financial statement verifying Ms. Banks's outstanding balance has been cleared; and
3. Provide proof of participating in fair housing training.

The City further requests an award of attorney's fees and costs for enforcing the settlement agreement and any other relief the Court deems appropriate.

Dated: March 27, 2025

Office of General Counsel

*/s/ Laura Boeckman*
**Laura Boeckman – Lead Counsel**
Assistant General Counsel
Fla. Bar No. 527750
117 West Duval Street, Suite 480

Jacksonville, Florida 32202
Phone (904) 255-5054
Facsimile: (904) 255-5120
LBoeckman@coj.net; bosburn@coj.net
*Counsel for Plaintiff*